NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLY SERRANO,<br><br>                    Plaintiff,<br><br>v.<br><br>MARCAL PAPER MILLS, LLC,<br><br>                    Defendants. | Civil Action No. 11-03501 (SDW)<br><br><br>**OPINION**<br><br><br>January 30, 2012 |

**WIGENTON**, District Judge.

Before the Court is defendant Marcal Paper Mills, LLC's ("Defendant" or "Marcal") motion to dismiss plaintiff Soly Serrano's ("Plaintiff" or "Serrano") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

The Court, having considered the parties' submissions, decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is "profoundly deaf and communicates primarily through American Sign Language." (Compl. ¶ 1.) On March 11, 2009, Plaintiff attended an open house for Marcal with her job coach. (*Id.* ¶ 1.) She submitted her resume, completed an

1

application, and was listed for an interview for a production worker position. (*Id.*) Allegedly, when her name was called, she was informed by her job coach that "an individual named Francisco Pacheco from Marcal stated that Marcal would not hire individuals who cannot speak or write in English and she was denied an interview for the position solely based on her deafness." (*Id.*)

Plaintiff claims that she received an email from a friend from Goodwill, Deborah Smith, regarding the position, which did not mention "that the requirement to write and speak English was absolutely essential for a production worker position with Defendant." (*Id.* ¶ 2.) Allegedly, the email only specified the requirement that potential worker be "able to work in a fast paced environment, stand for long periods of time, able to lift a minimum of 25 lbs, have good hand-eye coordination and that previous production experience and good math skills [were] a plus." (*Id.*) Plaintiff alleges that Defendant "failed to do any inquiry of plaintiff's qualifications solely based on her disability of deafness." (*Id.*) Plaintiff claims that her background as an insurance worker, listed on her resume, would have made it obvious that Plaintiff could read and write English. (*Id.*)

On March 31, 2011, Plaintiff was issued a right-to-sue letter from the EEOC. On May 5, 2001, Plaintiff filed a complaint in Superior Court, Essex County, Law Division ("Complaint"). On June 16, 2011, this matter was removed to federal court. On July 7, 2011, Defendant filed the instant Motion.

**DISCUSSION**

Plaintiff alleges that Defendant violated NJLAD and the ADA, Title I, 42 U.S.C. § 12111. (*See* Compl.) She asserts that once Defendant realized she was disabled, Defendant did not accept her application or assess her qualifications, much less discuss

2

reasonable accommodations.  (*Id.* ¶ 2.) Defendant filed the instant Motion seeking to dismiss Plaintiff's Complaint, asserting that both the ADA and NJLAD claims are time-barred.

### I. The ADA Claim is not Subject to a Two-Year Statute of Limitations.

When Congress creates a cause of action and has not specified the period of time within which it may be asserted, the courts have frequently inferred that Congress intended that a local time limitation should apply. *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 367 (1977).  State law acts as a guide in this area, but it is not an exclusive guide. *Johnson v. Ry. Express Agency,* 421 U.S. 454, 465 (1975).  State statutes of limitations will not be borrowed if their application will be inconsistent with the underlying policies of the federal statute. *Occidental*, 432 U.S. at 369.  Federal policy requires employment discrimination claims to be investigated by the EEOC and, whenever possible, administratively resolved before suit is brought in a federal court. *Occidental*, 432 U.S. at 368.  In such instances, it is not appropriate to rely on state statute limitations. *Johnson*, 421 at 465.

"If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946).  In such a case, there is no gap that must be filled by borrowing a state statute of limitations. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297-98 (2002).

"Under Title I of the ADA, an employer is prohibited from discriminating against a qualified individual with a disability with regard to job application procedures, hiring, advancement, discharge, employee compensation, job training or other terms, conditions

3

and privileges of employment." *Saylor v. Ridge*, 989 F. Supp. 680, 684 (E.D. Pa. 1998) (citing 42 U.S.C. § 12112(a)). Title I incorporates the powers, remedies, and procedures of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117 (2006).[1] Therefore, "Congress has directed the EEOC to exercise the same enforcement, powers, remedies, and procedures that are set forth in Title VII . . . when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability." *Waffle House, Inc.*, 534 U.S. at 285.

A plaintiff alleging a claim under the ADA must file a Charge of Discrimination with the EEOC within 180 days of the alleged unlawful practice, or within 300 days if filed with a state agency. *See* 29 U.S.C. § 626(d)(1)(4) (2006) (providing 180 days for EEOC); 42 U.S.C. § 2000e-5(e)(1) (2006) (providing 300 days for state agency). Plaintiff must file a claim in court within ninety days of receiving a right-to-sue letter from the EEOC or state agency. *See* 42 U.S.C. § 2000e-5(f)(1) (2006); *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999) (explaining that Title VII procedures set out in 42 U.S.C. § 2000e-5 apply to ADA claims); *see also* 42 U.S.C. § 12117. These filing requirements are treated as statutes of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

The statute of limitations does not begin to run unless and until there is "final agency action," such as the issuance of a right to sue letter. *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984) ("The statute of limitations begins to run, however, only in the

---

[1] Section 12117(a) provides: The powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9) shall be the powers, remedies, and procedures this title provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this Act, or regulations promulgated under section 106 [42 USCS § 12116], concerning employment. 42 U.S.C. § 12117 (2006).

event that there is 'final agency action.' Final agency action can take the form of a 'right to sue' letter . . . .") Title VII and Title I claims are different than Title II or Title VI claims because the procedural requirement to exhaust administrative remedies is different depending on the Title. *Bracciale v. City of Phila.*, No. CIV. A. 97-2464, 1997 WL 672263, at *8 (E.D. Pa. Oct. 29, 1997) ("Unlike Title I, adopting the procedures of Title VII, Title II adopts the remedies and procedures of § 505 of the Rehabilitation Act."). In contrast to Title II, Title I adopts the procedures of Title VII and requires that a plaintiff must exhaust all administrative remedies before he or she can bring suit in court. *Kramer v. Exxon Mobil Corp.*, No. CIV A 07-0436, 2009 WL 1544690, at *4 (D.N.J. June 3, 2009) ("Title I, which expressly incorporates the procedures and remedies provided by Title VII of the Civil Rights Act of 1964, includes a requirement that charges of employment discrimination must first be filed with and investigated by the EEOC . . . . Because [Plaintiff's] ADA claims are only viable under Title I of the ADA, he was required to exhaust administrative remedies prior to filing them with this Court."); *Saylor*, 989 F. Supp. at 685 ("A plaintiff alleging a violation of Title I must exhaust administrative remedies available through the Equal Employment Opportunity Commission ("EEOC") before instituting a private lawsuit . . . . Unlike Title I, there is no requirement that administrative remedies first be exhausted before suit may be commenced [for Title II].")[2]  The statute of limitations does not begin to run in a Title

---

[2] The Third Circuit has discussed the different standards for accessing the statutes of limitations and procedures of the Titles of the ADA. *Compare Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 53 (3d Cir. 2003) ("Because the ADA [Title III and Title IV case] does not contain a statute of limitations, we apply the most appropriate or analogous state statute of limitations."), *with Burgh v. Borough Council of Montrose*, 251 F.3d 465, 472 (3d. Cir. 2001) (Congress' statutory limitations period for employment discrimination claims under Title VII "represent the congressional determination of the relevant and proper time limitations under Title VII. The imposition of an additional limitations period is inconsistent, and indeed in direct conflict, with the plain language of the federal statute."); *see also Waiters v. Parsons*, 729 F.2d at 237.

VII, and therefore Title I case, until there is a "final agency action." *See Waiters v. Parsons,* 729 F.2d at 237.

Defendant argues that the ADA claim is subject to a two-year statute of limitations. Defendant relies on *Apionishev v. Columbia Univ.*, No. 09 Civ. 6471, 2011 WL 1197637 (S.D.N.Y. Mar. 25, 2011), which involved claims under Title VII, ADA, and the New York City Human Rights Law. However, the case cited in *Apionishev*, was a Title II case, *Pape v. Board of Educ. of Wappingers Central Sch. Dist.*, No. 07-CV-8828, 2009 WL 3151200, at *8 (S.D.N.Y. Sept. 29, 2009). Title II of the ADA addresses public services and entities discrimination. 42 U.S.C. §§ 12131-65 (2006). The case before this Court is filed under Title I of the ADA, which incorporates the powers, remedies, and procedures of Title VII. Additionally, the plaintiff in *Apionishev* waited four years after the date of the discrimination to file a claim with the EEOC, thus barring the initial filing under the EEOC's filing requirements. *Apionishev*, 2011 WL 1197637, at *6.

Here, Defendant's reliance on a footnote in *Connolly v. Mitsui O.S.K. Lines (America) Inc.*, No. 04-CV-5127, 2006 WL 2466848 (D.N.J., Aug. 24, 2006), is also misguided. In *Connolly,* the court noted that "since the ADA does not contain a statute of limitations provision, courts apply the most appropriate or analogous New Jersey statute of limitations." *Id*. at *6 n. 2. However, that holding relied upon *Goodman v. Lukens Steel Co.*, which concerned a § 1981 claim. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). Also, the main issue in *Connolly* did not involve the statute of limitations; but rather, notice and service.

In the instant matter, Plaintiff's claim with the EEOC met the time limitations required, and as a result the ADA claim is not time-barred. The allegedly unlawful practice occurred on March 11, 2009 (Compl. ¶ 1.) Plaintiff filed a charge with the EEOC alleging disability discrimination on December 9, 2009. (Pl.'s Letter Br. in Opp'n to Def.'s Mot. to Dismiss Ex. D) The EEOC issued a right-to-sue letter on March 31, 2011. (Compl. ¶ 4.) Plaintiff had to file in court within ninety days of receiving the right-to-sue letter. On May 5, 2011, Plaintiff filed a complaint in the Superior Court of New Jersey, which the Defendant removed to federal court on the grounds of federal question jurisdiction. (Def.'s Mot. to Dismiss 2.)

## II. The NJLAD Claim is Time-Barred by the Two-Year Statute of Limitations.

NJLAD, like the ADA, prohibits unlawful discrimination against employees on the basis of disability. *See* N.J.S.A. 13:13-2.5(b). Unlike the ADA, the NJLAD does not require a plaintiff to exhaust administrative remedies before filing a complaint in court. *Hernandez v. Region Nine Hous. Corp*. 146 N.J. 645, 654, 684 A.2d 1385, 1389 (1996). A plaintiff may pursue a claim of discrimination in court if the complaint is filed within two years of the allegedly unlawful conduct. *See Montells v. Haynes*, 133 N.J. 282, 292, 627 A.2d 654, 659 (1993) (holding that two-year statute of limitations for personal injury claims applies to all NJLAD claims). However, if a plaintiff pursues an administrative remedy, he or she may not simultaneously pursue a claim in court, and the two-year statute of limitations is not tolled by the administrative proceeding. *Omogbehin v. Dimensions Int'l, Inc*., No. 08-3939, 2009 WL 2222927, at *3 (D.N.J. July 22, 2009).

The New Jersey Supreme Court has adopted the federal framework for determining when an NJLAD claim accrues. *See Roa v. Roa*, 200 N.J. 555, 568, 985 A.2d 1225, 1232 (2010). Discrete acts of discrimination accrue "the day on which those individual acts occurred." *Shepherd v. Hunterdon Dev. Ctr.,* 174 N.J. 1, 21, 803 A.2d 611, 623 (2002).

The alleged act of unlawful discrimination occurred on March 9, 2009. Plaintiff's claim therefore accrued on March 9, 2009. Plaintiff filed her complaint on May 5, 2011, more than two years after the statute of limitations expired. New Jersey applies the federal framework regarding accrual of NJLAD claims; therefore this Court finds that Plaintiff's claim regarding the NJLAD is time-barred.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is **DENIED IN PART AND GRANTED IN PART**.

                                                  s/ Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:     Parties
        Magistrate Judge Arleo